UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LISA GIGUERE

v.  C.A. 16-

UNIVERSITY SURGICAL ASSOCIATES, INC.
and  NEW ENGLAND MEDICAL BILLING, INC.

**COMPLAINT**

Plaintiff Lisa Giguere ("Plaintiff Giguere"), for herself, commenced this action on December 29, 2016 to secure all available statutory remedies and relief to redress the named Defendants' systematic, prolonged, knowingly unlawful, willful, on-going and uncured violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Rhode Island Payment of Wages Act ("RIPWA"), R.I.G.L. §28-14-1, et seq.

PARTIES

1.      The Plaintiff Lisa Giguere is a resident of the town of Blackstone, Commonwealth of Massachusetts.

2.      The Defendant UNIVERSITY SURGICAL ASSOCIATES, INC., is a Rhode Island Corporation with its principal office and place of business located at 75 Newman Avenue, Rumford, Rhode Island.

3.      The Defendant NEW ENGLAND MEDICAL BILLING, INC., is a Rhode Island Corporation with its principal office and place of business located at 75 Newman Avenue, Rumford, Rhode Island.

4.      Defendants UNIVERSITY SURGICAL ASSOCIATES, INC. and NEW ENGLAND MEDICAL BILLING, INC. are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

5. Defendants UNIVERSITY SURGICAL ASSOCIATES, INC. and NEW ENGLAND MEDICAL BILLING, INC. are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 et. seq., in that they together operate a medical practice with billing operations in the State of Rhode Island which have gross annual revenues well exceeding $500,000.00.

6. At all relevant times, Defendants UNIVERSITY SURGICAL ASSOCIATES, INC. and NEW ENGLAND MEDICAL BILLING, INC. have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that it acted " . . . directly or indirectly in the interest of an employer in relation to an employee . . "

7. As employers engaged in commerce, Defendants UNIVERSITY SURGICAL ASSOCIATES, INC. and NEW ENGLAND MEDICAL BILLING, INC. are subject to the requirements of the FLSA, 29 U.S.C. § 201 et. seq.,

8. Defendants UNIVERSITY SURGICAL ASSOCIATES, INC. and NEW ENGLAND MEDICAL BILLING, INC. are employers as those terms are defined by R.I.G.L. 28-14-1(3).

9. The Defendants UNIVERSITY SURGICAL ASSOCIATES, INC. and NEW ENGLAND MEDICAL BILLING, INC. employed the Plaintiff as defined by the FLSA, 29 U.S.C. § 203(e) (1), and R.I.G.L. § 28-14-1(2) on and after December 14, 2013.

JURISDICTION AND VENUE

10. This Honorable Court possesses jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff's FLSA claims arise under a federal statute, i.e. 29 U.S.C. § 201 et seq.,

11. This Honorable Court has supplement jurisdiction pursuant to 28 U.S.C. § 1367 in that Plaintiff's state law claims are substantially related to Plaintiff's federal claim as to constitute one cause of action.

12.     Venue is proper in the District of Rhode Island as Defendants UNIVERSITY SURGICAL ASSOCIATES, INC. and NEW ENGLAND MEDICAL BILLING, INC. are deemed to have their "residence" in the Judicial District under 28 U.S.C. § 1391(c) (2).

FACTS

13.     On and after December 14, 2013, the Defendant UNIVERSITY SURGICAL ASSOCIATES, INC. employed the Plaintiff as an administrative assistant at an hourly rate of up to $25.43 an hour.

14.     On an after December 14, 2013, the Defendant NEW ENGLAND MEDICAL BILLING, INC., employed the Plaintiff as a medical transcriptionist at the rate of $20.00 per hour.

15.     Defendant UNIVERSITY SURGICAL ASSOCIATES, INC.'s office manager, who was also employed by the Defendant NEW ENGLAND MEDICAL BILLING, INC. requested that the Plaintiff begin performing transcription services for NEW ENGLAND MEDICAL BILLING, INC. corporation, an entity that is operated out of the same building as UNIVERSITY SURGICAL ASSOCIATES, INC.

16.     Despite the fact NEW ENGLAND MEDICAL BILLING, INC. was the supposed employer for the Plaintiff second position, the Plaintiff was required to call in her hours for payment as a transcriptionist to an administrator for UNIVERSITY SURGICAL ASSOCIATES, INC. at the end of each week to get paid for the hours worked for UNIVERSITY SURGICAL ASSOCIATES, INC.

17.     To perform her duties for NEW ENGLAND MEDICAL BILLING, INC., Plaintiff was required to log into UNIVERSITY SURGICAL ASSOCIATES, INC.'s computer system to access its medical records system to access files and transcribe notes.

18. At all times Plaintiff was transcribing notes for NEW ENGLAND MEDICAL BILLING, INC., Plaintiff was only transcribing notes for physician's who worked for UNIVERSITY SURGICAL ASSOCIATES, INC.

19. In addition, Plaintiff was allowed and encouraged by both Defendants to and regularly did perform services for NEW ENGLAND MEDICAL BILLING, INC. while at her duty station for UNIVERSITY SURGICAL ASSOCIATES, INC., prior to her regular hours of work for UNIVERSITY SURGICAL ASSOCIATES, INC.

20. Despite the fact the are Joint Employers and treated as the same employer for purposes of the FLSA and the RIPWA, Plaintiff was not paid overtime for the hours that she worked when the hours that she worked for the Defendants totaled more than forty in any given week.

21. In addition, in her position with UNIVERSITY SURGICAL ASSOCIATES, INC. Plaintiff Giguere was not properly classified as a salary exempt, worker and Plaintiff Giguere did not receive overtime during those work weeks in which she worked more than forty hours for the Defendant UNIVERSITY SURGICAL ASSOCIATES, INC.

22. Plaintiff's job duties for Defendant UNIVERSITY SURGICAL ASSOCIATES, INC., did not make her an exempt employee and included:

    a. Scheduling appointments, meetings and conferences

    b. Submitting receipts for reimbursement for physician's

    c. Assisting in the maintenance of confidential files

    d. Ordering supplies

    e. Assisting physician's with completing their credentialing and promotion packages for universities

    f. Obtaining insurance authorizations

   g. Attending meetings and taking notes

   h. Occasional training of new employees

23. Accordingly, as set forth above, Plaintiff's primary job duties did not include the use of significant amounts of discretion nor exercise of independent judgment of matters of significance.

24. At all times relevant, Defendants fully understood and willfully violated their statutory obligations to pay in full on a weekly basis to Plaintiffs all wages earned for each overtime hour worked at a rate not less than the time and one half the Plaintiff's average regular rate for each overtime hour worked as required by the FLSA and/or RIPWA.

25. At all times relevant, Defendants knew that the Plaintiff regularly and frequently worked in excess of forty hours per workweek for the Defendants.

   a. In fact in all put eleven bi weekly pay periods from 11/30/2013 until Plaintiff's termination on or about October 15, 2016, Plaintiff worked more than 80 hours in said pay period – meaning that she worked at least forty hours in one of the two weeks in the pay period, if not both, while employed for the Defendant University Surgical Associates, Inc., alone. This constitutes approximately 110 hours of overtime for University Surgical Associates, Inc., alone without considering any hours worked for New England Medical Billing, Inc.,

   b. As it is a joint employer with University Surgical Associates, Inc., Plaintiff's work with the Defendant New England Medical Billing, Inc., would have put her working more than forty hours in each week from at least September 16, 2015 until on or about October 15, 2016 when combined with the hours she worked for Defendant University Surgical Associates, Inc. If these are all overtime hours, they would constitute approximately 1020 hours of overtime.

## CAUSES OF ACTION
### COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW
### The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

26.     Plaintiff re-alleges and incorporate the preceding paragraphs by reference as if fully set forth herein.

27.     The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

28.     Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week, failing to make premium rate compensation hourly payments to Plaintiff for those hours that the Plaintiff worked over forty (40) in any given week by claiming either that Plaintiff was salaried exempt or that Plaintiff was working for two separate and not-joint employers.

29.     Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate for the hours which the Plaintiff worked which are overtime.

30.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages.  Plaintiff is entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

31.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

### COUNT II – WILLFUL REFUSAL TO PAY FOR ALL HOURS WORKED UNDER RIPWA

32.     Plaintiff Giguere, re-alleges and incorporate the preceding paragraphs by reference as

if fully set forth herein.

33.  The RIPWA requires that Defendants pay Plaintiff overtime premiums for each hour worked over forty in each week period.

34.  Defendants suffered and permitted Plaintiff to routinely work overtime hours while failing to make premium rate compensation hourly payments to Plaintiff for those hours that the Plaintiff worked over forty (40) in any given week by claiming either that Plaintiff was salaried exempt or that Plaintiff was working for two separate and not-joint employers.

35.  Defendant's actions, policies, and/or practices as described above violate the RIPWA as Defendants knew, or showed reckless disregard for the fact, that it failed to pay the Plaintiff overtime premiums for all hours worked over forty in each week.

36.  As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages.  Plaintiff is entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

37.  The foregoing conduct, as alleged, constitutes a willful violation of the RIPWA as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

38.  Defendant is liable to Plaintiff Giguere for willful violations of the wage payment requirements of the RIPWA for refusing to pay each Plaintiff an overtime premium for all hours worked over forty in each week in which they worked over forty hours and did not receive a premium pay for the hours worked.

39.  Defendant is liable to Plaintiff Giguere for all unpaid wages and liquidated damages given the knowing and willful character of the Defendants' violation of the Rhode Island Payment of Wages Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Giguere, prays for relief as follows:

a) Judgment against Defendants for Plaintiff's unpaid back wages at the applicable overtime rates;

b) An amount equal or double to their damages as liquidated damages;

c) A finding that Defendants' violations of the FLSA are willful and RIPWA are willful, intentional, reckless or otherwise justify the imposition of liquidated damages;

d) All costs and attorneys' fees incurred prosecuting this claim;

e) An award of prejudgment interest (to the extent liquidated damages are not awarded);

f) Leave to add additional Plaintiff by motion, the filing of consent forms, or any other method approved by the Court;

g) Leave to amend to add additional state law claims; and

h) All further relief as the Court deems just and equitable.


Dated:  12/29/16                    Plaintiff, by her attorneys,

/s/ Sonja L. Deyoe_____
Sonja L. Deyoe (6301)
Law offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
sld@the-straight-shooter.com

PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.